43  407
6120  837

LAVINIA WILLIAMS *et al.*, plaintiffs in error, *vs.* O. F. ADAMS, defendant in error.

1. The *irregular* registration of a prior deed, is not notice to a subsequent purchaser from the same vendor, whose deed has been *regularly* recorded within the time prescribed by law.
2. Newly discovered evidence, which ought not to change the verdict, is no ground for a new trial. (R.)

Registration of deeds. Notice. Before Judge COLE. Bibb Superior Court. October Term, 1870.

This was ejectment upon the demises of Susan S. Williams *et al.*, against O. F. Adams, tenant in possession. The plaintiffs' counsel read in evidence a deed from Martha Williams, conveying the premises in dispute to plaintiffs' lessors. It was dated the 11th of March, 1859. It was in the usual form and was attested as follows: "Signed, sealed and delivered in presence of Richard A. Benson and James L. Williams. Thomas P. Stubbs, Not. Pub." The certificate of record on it was as follows: "Georgia, Bibb county. Clerk's office Superior Court. Recorded in book M, folio 203 and 204. April 7th, 1854. HENRY G. ROSS, Jr., Clerk."

Plaintiffs' counsel then read in evidence a deed from said Martha Williams, conveying said premises to said Adams. It was dated the 21st of August, 1866, and recorded on the

28th day of that month.   Title was then traced from Martha Williams to plaintiffs' lessors.   It was shown that Martha Williams was in possession of this land when she sold it to Adams; that he took possession then and is in possession yet. She and B. Hill, Esquire, and one Freeman, testified that they told Adams, about the time of his purchase, that Martha Williams had but a life estate in the premises.

Defendant's counsel produced said book M, folios 123 and 124, and showed by it the deed as read in evidence, except the words, "Thomas P. Stubbs, Not. Pub." were not on said record.   Adams then testified when he bought said land from Martha Williams, he had no notice of plaintiffs' outstanding title, and that he had already bought and paid for it when Susan Williams, B. Hill, Esquire, and Freeman spoke to him about it, and that he was conversing with them on the subject only because his title had been questioned, and he felt anxious to learn the facts.   He bought *bona fide,* paid all the land was worth, and had no suspicion of said outstanding deed.

Counsel for plaintiffs ask the Court to charge the jury that if they believed "Thomas P. Stubbs, Not. Pub.," was on said deed when it was handed to the Clerk for record, and was omitted by the Clerk when he recorded the same, it was a misprison of the Clerk; and if the jury believe such was the fact, then the Clerk had authority to put said deed on the record, and it is a perfect deed, with two witnesses, correctly recorded, and entitled to as full force as if "Thomas P. Stubbs, Not. Pub.," had not been omitted in the record; that by a proper construction of section 2663, of the Revised Code, and notwithstanding said section, where a deed to land was made and recorded several years before the making of another deed to the same premises by the same grantor, although such first deed had not been recorded within twelve months from its execution, and though the second deed was recorded within twelve months from *its* date, yet the record of the first deed is notice to the grantee in the second deed.

The Court charged the jury, that if they believed, from the evidence, that in recording said first deed the Clerk left off " Thomas P. Stubbs, Not. Pub.," such imperfect record was not constructive notice to Adams of said first deed at the time of his purchase.    He read to them said section of the Code, and charged them that if said first deed was imperfectly recorded as aforesaid, it loses its priority over said second deed, if this second deed was taken without notice of the first.    The jury found for the defendant.    Plaintiffs' counsel moved for a new trial, upon the grounds that the Court erred in refusing to charge as requested, and in charging as he did, and because the verdict was contrary to law and the evidence, and because of certain newly discovered evidence.

This newly discovered evidence was, that "Thomas P. Stubbs, Not. Pub.," was put there by Thomas P. Stubbs, Notary Public, when the deed was executed and when the other witnesses signed it.    There were affidavits by counsel and the party that they did not know of said omission on the record till it was disclosed on the trial.    The Court refused a new trial, and error is assigned on said grounds.

B. HILL; E. F. BEST, for plaintiffs in error.    As to registry of deeds : Cobb's Dig. 7, 175.    Record is notice : 15th Wend., 588; 17th, 25 ; 25th Georgia Reports, 648 ; 29th Georgia Reports, 440.    This probate was good and the record is binding : 1st John. Ch. R., 300 ; 18th John. R., 544; 3 Stew. & Port., 397 ; 3 Jones, N. C. R., 115 ; Best on presumptions, 682 ; Iredell's Ch. R., 386 ; 9 Iredell's Ch. R., 312 ; 1 Graham & Waterman on new trials, 473 ; 3d Graham & Waterman on new trials, 1021 ; 10th Georgia Reports, 511.

LANIER & ANDERSON, for defendant.

WARNER, Judge.

This was an action of ejectment to recover the possession of a city lot in the city of Macon.    On the trial of the case,

the lessors of the plaintiffs introduced in evidence a deed to the premises in dispute, from Martha Williams, dated 11th of March, 1851, recorded 7th of April, 1854. Plaintiffs also introduced a deed from Martha Williams to the defendant, dated 21st of August, 1866, and recorded 28th of August, 1866, and proved defendant in possession of the premises. There was other evidence introduced on both sides as to the actual notice of the prior deed by the defendant at the time of his purchase of the lot; but the main question in the case turned on the effect of the record of the prior deed. That deed was recorded with the names of only two subscribing witnesses, neither of whom was a *judicial* officer, and there was no probate of the deed by the others. There now appears on the face of the deed three subscribing witnesses, one of whom subscribed his name as a Notary Public, which the Clerk failed to record when he recorded the deed, and the question is whether the record of the prior deed, as the same appears on the record, was such notice under the law (the same not having been recorded within twelve months from the date thereof) as will defeat the title of the defendant as a subsequent purchaser from Mrs. Williams, whose deed was recorded within twelve months from its date. The point in the case is, whether an *irregular* registration of a deed is notice to a subsequent purchaser whose deed has been *regularly* recorded according to law. The Court below decided it was not, and so charged the jury. A verdict was found for the defendant. The plaintiff excepted to the charge of the Court, and also moved for a new trial on the ground of surprise and newly discovered evidence, that one of the witnesses to the deed, whose affidavit appears in the record, would swear that the witness who attested the deed as a Notary Public subscribed his name thereto at the time of its execution, and that the Clerk had failed to so record it. This motion was overruled, and the plaintiffs excepted. The 2663d section of the Code declares, that " every deed conveying lands, shall be recorded in the

office of the Clerk of the Superior Court of the county where the land lies, within one year from the date of such deed. On failure to record within this time, the record may be made at any time thereafter; but such deed loses its priority over a subsequent deed from the same vendor, recorded in time, and taken without notice of the existence of the first." This section of the Code is in substance the same in its legal effect as the Act of 1837. The question in the case is, whether the prior deed from Mrs. Williams not having been recorded within twelve months from the date thereof, and when recorded, the record thereof did not show that its execution had been attested as required by law so as to admit the same to probate, was *legal* notice to the defendant as a subsequent purchaser from her? The defendant was only bound to know what *the record* disclosed, and the record shows that the deed had been recorded, without any *lawful* authority to do so. This Court held in *Rushin vs. Sheilds & Ball,* 11th Georgia Reports, 637, that the *irregular* registration of a deed was *not notice.* There was no error in the charge of the Court on this point in the case, or in refusing the motion for a new trial.

The newly discovered evidence will not alter the record as it existed at the time the defendant purchased the lot.

Let the judgment of the Court below be affirmed.